**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-35-TLS |
| | ) | |
| BOOKER T. SEWELL | ) | |

**OPINION AND ORDER**

The Defendant, Booker Sewell, was convicted by a jury for being a felon in possession of a firearm and for maintaining a place for the purpose of distributing cocaine and marijuana. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant is being resentenced in light of case law that has developed with respect the Armed Career Criminal Act (ACCA). One of the issues that must be resolved before the Defendant's PSR can be revised for the Defendant's resentencing is whether the Defendant's previous conviction for Pointing a Firearm under Indiana Code § 35-47-4-3 is a crime of violence under the United States Sentencing Guidelines, § 2K2.1(a)(2).

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). If the defendant has only one prior qualifying conviction, the offense level is 20. *Id.* § 2K2.1(a)(4)(A). According to the previous PSR, the Defendant meets the threshold under U.S.S.G. § 2K2.1(a)(2) of at least two felony convictions for a crime of violence or a drug crime, and the Defendant's base offense level is, therefore, 24. One of those convictions is for dealing cocaine, a controlled substance offense. The issue is whether another conviction, for Pointing a Firearm, qualifies as a

second conviction in support of the base offense level of 24.

The definition of a crime of violence for purposes of § 2K2.1 is found "in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)." U.S.S.G. § 2K2.1, Application Note 1. Accordingly, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening use of physical force against the person of another." *Id.* § 4B1.2(a)(1).

The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. ——, 133 S. Ct. 2276, 2281 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted).

The Indiana statute for the Defendant's conviction for Pointing a Firearm describes the following conduct: "A person who knowingly or intentionally points a firearm at another person commits a Class D felony." Ind. Code § 35-47-4-3(b). "However, the offense is a Class A misdemeanor if the firearm was not loaded." *Id.* The Indiana Court of Appeals has stated that the Indiana statute's prohibition against pointing a firearm at a person "was intended to protect individuals from being placed in danger of death or bodily injury from the discharge of a firearm." *Armstrong v. State*, 742 N.E.2d 972, 976 (Ind. Ct. App. 2001) (noting that, because a firearm is a lethal weapon, "the potential for harm exists any time a firearm is pointed at a person" (emphasis omitted) (quoting *State v. Meier*, 422 N.W. 2d 381, 385 (N.D. 1998))).

Therefore, to commit a felony under § 35-47-4-3(b) requires the elements of (1)

knowingly and intentionally (2) pointing a firearm (3) at another person. Under the § 4B1.2(a) definition of a crime of violence, the offense must have as an element the (1) use, attempted use, or threatened use of (2) physical force (3) against another person. "Physical force" is "force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 599 U.S. 133, 140 (2010) (defining a similar term in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003))). A slap in the face is sufficient to inflict pain and qualify as violent physical force. *Id.* at 143. The Court concludes that pointing an inherently lethal weapon at another person is, at the very least, "threatened use" of physical force against that person.

Because the Indiana statute criminalizing pointing a firearm at another person "has as an element the use, attempted use, or threatened use of physical force against another person" it is a crime of violence under U.S.S.G. § 2K2.1.

## CONCLUSION

To the extent the Defendant objects to the application of a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) for his conviction under 18 U.S.C. § 922(g)(1), the objection is OVERRULED. According to a previous scheduling conference, the probation officer will prepare a revised PSR by March 3, 2017. Objections to the PSR are due by March 13, 2017, and sentencing is confirmed for March 24, 2017, at 9:30 AM.

SO ORDERED on February 21, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT